UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRK TOSTIGE,

    Plaintiff,

v.                                                    CASE NO.: 8:12-cv-2103-T-23TGW

UNITED STATES POSTAL
SERVICE,

    Defendant.
_____/

**ORDER**

    This action results from Kirk Tostige's request under the Freedom of Information Act (FOIA) for United States Postal Service (USPS) e-mails. Tostige's FOIA letter sent to the USPS states:

> [I] [r]equest copies of all e-mails with the name of Kirk Tostige, Tostige or ET Tostige in the body of the message from the following sender or recipient:
>
>     conrad.d.johnson@usps.gov
>     steven.r.owensby@usps.gov
>     doug.diaz@usps.gov
>     michael.e.kilcomons@usps.gov
>
> This information requested is for time period Jan.1, 2011 through Feb 29, 2012.

(Doc. 21-1 at 14 (emphasis removed))

    In response, the USPS delivered (to Tostige) hundreds of pages of e-mails, some of which the USPS redacted. Tostige protested the redactions, but most of the redactions are no longer in dispute. The parties now dispute only fifteen redacted pages of e-mails. (Doc. 22 at 20 ("This action is only targeted at pages: 1-2, 196-97,

285-88, 432 and 540-45 . . . .'")) For each of the disputed pages, the USPS cites Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5), which exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." Although Exemption 5 is worded poorly, "[s]tated simply, 'agency documents which would not be obtainable by a private litigant in an action against the agency under normal discovery rules (e.g., attorney-client, workproduct, executive privilege) are protected from disclosure under Exemption 5.'" *Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1277 (11th Cir. 2004) (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 481 (2d Cir. 1999)).

In a *Vaughn* Index,[1] the USPS cites Exemption 5 when redacting from the e-mail pages identified by Tostige. (Doc. 21-3 at 3-11) The USPS explains that the USPS cites Exemption 5 when redacting five forms of communication – "[a]ttorney client privileged communication, information about internal grievance process[es] and procedures, identifying information of other employees, information about [the] status of other employees and an accident report." (Doc. 21 at 12-13) Furthermore, the USPS proffers an affidavit signed by Chistopher T. Klepac, Chief Counsel, Federal Requirements, Legal Strategy Section, Law Department, USPS, which (1) verifies the forms of communication that the USPS redacted under Exemption 5 and (2) explains that "[e]ach [redacted] document was individually reviewed for

---

[1] *See generally Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

segregability of non-exempt information and it was determined that all reasonably segregable information has been released to plaintiff." (Doc. 21-2 at 4-6)

Tostige argues that the *Vaughn* Index is inadequate. However, the *Vaughn* Index, and especially the portions of the Index describing the disputed documents, is sufficiently detailed; for each redacted e-mail, the Index lists the page number of the e-mail, the date of the e-mail, the subject line of the e-mail, the applicable exemption, and a brief statement that explains how the cited exemption applies to the e-mail. (Doc. 21-3 at 3-11); *Miccosukee Tribe of Indians of Florida v. United States*, 516 F.3d 1235, 1260 (11th Cir. 2008) ("The index usually consists of a listing of each withheld document, or portion thereof, indicating the specific FOIA exemption applicable and the specific agency justification for the non-disclosure."). Accordingly, the *Vaughn* Index, which the USPS is not required to produce,[2] is sufficient.

The defendant's motion (Doc. 21) for summary judgment is **GRANTED**. The clerk is directed (1) to enter judgment in favor of the defendant and against the plaintiff, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on March 21, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1259 (11th Cir. 2008) ("[D]epending on the circumstances, an adequate factual basis may be provided through a singular method-such as affidavits, a *Vaughn* Index, or an in camera review, or a combination of these methods.").